# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA LEMONS  <br><br>             Plaintiff,  <br><br>v.  <br><br>GAREN MEGUERIAN; STEFAN P. KRUSZEWSKI  <br><br>             Defendants. | : Civil Action No. 2:21-cv-01737-JS <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**REPLY IN SUPPORT OF THE MOTION OF**
**DEFENDANT, GAREN MEGUERIAN, ESQUIRE, TO DISMISS THE COMPLAINT BY**
**PLAINTIFF, CHRISTINA LEMONS**

## Table of Contents

I. Claims are Time Barred ..................................................................................................1

II. Fraud-Based Claims Fail ................................................................................................2

III. Breach of Fiduciary Duty Claim Fails ...........................................................................3

IV. Joinder of Reply by Kruszewski .....................................................................................3

V. Conclusion ......................................................................................................................4

## Table of Authorities

*Beauty Time v. VU Skin Sys.*, 118 F.3d 140 (3d Cir. 1997) ................................................................1

*DiCicco v. Willow Grove Bank*, 308 F. Supp. 2d 528 (E.D. Pa. 2004) ...........................................1

*Smeltzer v. Eaton Corporation*, 2018 WL 3496948 (W.D. Pa. July 20, 2018) ...............................1

*Smith v. Blachley*, 47 A. 985 (Pa. 1901) .......................................................................................1

*Soutner v. Covidien, LP*, 2019 WL 3801438 (M.D. Pa. Aug. 13, 2019) .........................................1

*Turtzo v. Boyer*, 88 A.2d 884 (Pa. 1952) .......................................................................................1

I.      **Claims are Time Barred**

Plaintiff's allegation in paragraph 2 of the complaint that the claims "did not begin to accrue until the matters were fully resolved" is meaningless for this Court's review and should be disregarded. *See* Compl. ¶ 2. The allegation regarding "accrual" of claims is a pure legal conclusion. Even at the motion to dismiss stage, the Court is not required to accept plaintiff's contentions or allegations of when the cause of action accrued. *See DiCicco v. Willow Grove Bank*, 308 F. Supp. 2d 528, 535 (E.D. Pa. 2004) ("the Court need not accept Woodhaven's bald assertion that it suffered no injury until April 10, 2001, when the record before the Court clearly demonstrates otherwise."); *Soutner v. Covidien, LP*, 2019 WL 3801438, *9 (M.D. Pa. Aug. 13, 2019) (breach of warranty claim time barred where Court refused to accept as true contention mesh contained express warranty for future performance absent specific factual allegations); *Smeltzer v. Eaton Corporation*, 2018 WL 3496948, * 3 (W.D. Pa. July 20, 2018) (FLSA claim time barred where two-year statute of limitations applied because plaintiff's "bald legal conclusions" unsupported by factual averments that defendant acted willfully had to be disregarded by court).

Plaintiff's contention about accrual is also legally erroneous. Plaintiff's claims against Meguerian accrued at the time of the alleged misrepresentation or breach. *See Turtzo v. Boyer*, 88 A.2d 884, 885 (Pa. 1952) (citing *Smith v. Blachley*, 47 A. 985 (Pa. 1901)). The Court certainly does not have to accept as true legally erroneous allegations.

Plaintiff's contention about accrual is also belied by the other allegations of plaintiff's complaint. For example, plaintiff alleged she learned not later than August or September 2017 that Kruszewski's counsel was unaware of the alleged "recruitment" of plaintiff and that none of the other relators were agreeing to a relators' sharing agreement. *See* Compl. ¶¶ 133-39. At that time, plaintiff not only had reason to know, through the exercise of reasonable diligence, of the alleged false promises of compensation but, according to her own complaint, plaintiff *actually knew* of the alleged false promises of compensation. *See Beauty Time v. VU Skin Sys.*, 118 F.3d 140, 148 (3d Cir. 1997).

1

Plaintiff cannot evade the reasonable diligence requirement or make timely her time barred claims by alleging an erroneous legal conclusion in her complaint. Plaintiff's claims are time barred on the face of the complaint. Accordingly, Meguerian's motion to dismiss the complaint should be granted and counts I, II, III and IV as to Meguerian dismissed.

## II.     Fraud-Based Claims Fail

Plaintiff does not dispute that fraud-based claims cannot arise from a failure to make a promised future payment but instead contends a failure to make a promised future payment is not the source of her claims. Once again, plaintiff's own allegations debunk her argument: "Megeurian (sic) promised and assured Lemons that they would well-compensate her for the information that she could provide to them, which without her would have been unavailable to Kruszewski." Compl. ¶ 163. There is no plainer statement than an allegation of a failure to make a promised future payment.

Plaintiff's responses to both motions to dismiss the complaint reveal that plaintiff does not have a contract for compensation from Kruszewski for her alleged contribution to Kruszewski's qui tam action. Plaintiff has done nothing more than try to substitute fraud-based claims for the absence of a contract. Pennsylvania (and Arizona) law make clear that fraud is not a substitute for or a mechanism to "bridge the gap" of the absence of a contract in a contract-based claim.

Plaintiff completely failed to address the issues, on the merits, raised by Meguerian in his motion to dismiss the complaint in Sections II-D-1 and 2. Plaintiff did not invite this Court's attention to the allegation of the complaint that contained a false statement of fact by Meguerian. Plaintiff identified no case opinion permitting "justifiable reliance" where plaintiff had her own counsel to advise her regarding the qui tam action and disclosures. Plaintiff did not provide any case opinion supporting a basis for a duty by Meguerian to tell plaintiff about the other relators. Plaintiff cannot proceed on her fraud-based claims absent allegations to support the requisite elements.

2

Plaintiff's fraud-based claims are also not alleged with the requisite particularity. Plaintiff does not identify specific statements by Meguerian to support the alleged false promises, but instead contends the facts in the complaint "support the inference" that Meguerian falsely led plaintiff to believe she would receive certain compensation. These allegations and inferences do not rise to the particularity required for fraud-based claims. Accordingly, Meguerian's motion to dismiss the complaint should be granted and counts I and II dismissed as to Meguerian.

### III.     Breach of Fiduciary Duty Claim Fails

Plaintiff appears to acknowledge she did not have an attorney-client representation with Meguerian in connection with her qui tam action and that she had other representation. Although certain duties extend beyond the time-frame of the attorney-client relationship, that does not mean that all information imparted to an attorney in any context is privileged. Plaintiff failed to provide any legal support for her contention that Meguerian owed plaintiff a duty of confidentiality for information related to the qui tam action in which plaintiff acknowledges someone other than Meguerian was her lawyer. Moreover, plaintiff did not identify any detriment sustained based on the disclosure. Plaintiff failed to plead facts to make plausible her claim for breach of fiduciary duty. Accordingly, Meguerian's motion to dismiss the complaint should be granted and count IV dismissed as to Meguerian.

### IV.     Joinder of Reply by Kruszewski

In an effort to be efficient and avoid repetition, Meguerian also joins Sections I, II and III of the reply by Kruszewski at Doc. 25. The arguments set forth by Kruszewski as to counts I, II and III of the complaint and the failure of plaintiff to rebut the issues raised by the defendants in their motions apply equally to Meguerian and are hereby joined.

## V. Conclusion

The motion to dismiss the complaint by defendant, Garen Meguerian, Esquire should be granted, and plaintiff's claims against defendant, Garen Meguerian, Esquire, in counts I, II, III and IV of the complaint dismissed with prejudice.

                                        Respectfully submitted,

                                        /s/ Candidus K. Dougherty
                                        JEFFREY B. MCCARRON
                                        CANDIDUS K. DOUGHERTY
                                        SWARTZ CAMPBELL LLC
                                        1650 Market Street, 38th Floor
                                        Philadelphia, PA 19103
                                        P: (215) 299-4296
                                        cdougherty@swartzcampbell.com
Date: July 6, 2021                    Attorneys for Defendant, Garen Meguerian, Esquire

## CERTIFICATE OF SERVICE

    I, Candidus K. Dougherty, attorney for defendant Garen Meguerian, hereby certify that the foregoing reply in support of defendant's motion to dismiss plaintiff's complaint was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF on July 6, 2021.

                                                          /s/ Candidus K. Dougherty
                                                          Candidus K. Dougherty

Date:  July 6, 2021